# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 13 C 2884 | DATE | 5/28/2013 |
| CASE TITLE | Al-Khalifa vs. Kalady et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* [4] is denied and Al-Khalifa's Complaint is dismissed with prejudice. Al-Khalifa's Motion for Appointment of Counsel [5] is therefore denied as moot. Per the Executive Committee Order issued May 10, 2013, the clerk is directed to return unfiled any documents or presentments submitted either directly or indirectly by or on behalf of Al-Khalifa.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Oluwashina Kazeem Ahmed Al-Khalifa ("Al-Khalifa") brings this cause of action against a variety of defendants, including three attorneys in private practice in the city of Chicago (the "law firms"), two Federal Public Defenders, the United States Secret Service, the United States Diplomatic Service, "United States Marshal," the United States Immigration and Naturalization Service, the Chicago Police Department, the Metropolitan Correction Center, one probation officer, Dupage County Jail, the Tri County Detention Center, the former United States Attorney for the Northern District of Illinois and two Assistant United States Attorneys, the Minister of Citizenship and Immigration of Canada, the Nigeria High Commission, and Nigeria Immigration Service. Al-Khalifa moves to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, the Court denies both motions.

Al-Khalifa, also known as Mark Ayilla, is a Nigerian citizen who was arrested "after he obtained a fraudulent birth certificate and social security card from a known counterfeiter cooperating in a government sting operation. After his arrest, Ayilla falsely told agents interviewing him that he was a United States citizen, Ayilla subsequently waived indictment and pleaded guilty to producing a false identification document in violation of 18 U.S.C. § 1028(a)(1) and falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911." *United States v. Ayilla*, 50 Fed. App'x. 309, at *1 (7th Cir. 2002). After pleading guilty, Al-Khalifa completed his term of imprisonment of five months and was subsequently deported to Nigeria. Now, over ten years after his deportation, Al-Khalifa alleges his constitutional rights were violated.

1

**STATEMENT**

As this court and others have previously noted, Al-Khalifa has demonstrated a pattern of filing frivolous suits in this Court. Since December 21, 2012, Al-Khalifa has filed nearly a dozen lawsuits in this District seeking to proceed *in forma pauperis* and with appointed counsel. *Ahmed-Al-Khalifa v. Bromwich*, No. 13-cv-1386 (Darrah, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Moro*, No. 13-cv-1381 (Marovich, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Ecowas Court of Justices*, No. 13-cv-1380 (Durkin, J.) (filed 2/20/13); *Kazeem et al v. Ashcroft*, No. 13-cv-1377 (Gottschall, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Court of Appeals for the 7th Circuit*, No. 13-cv-586 (St. Eve, J.) (filed 1/24/13); *Ahmed-Al-Khalifa v. Perryman*, No. 13-cv-583 (Darrah, J.) (filed 1/24/13); *Ahmed-al-Khalifa v. Ramos*, No. 13-cv-582 (Kendall, J.) (filed 1/24/13); *Ahmed-Al-Khalifa v. Holder*, No. 12-cv-10339 (Leinenweber, J.) (filed 12/26/12); *Al-Khalifa v. Sunnyade*, No. 12-cv-10288 (Kendall, J.) (filed 12/21/12).

Thus within just a few months, seven different United States District Court judges in this District have been tasked with attempting to decipher Al-Khalifa's lengthy and generally incomprehensible allegations to determine whether, even under a most charitable construction, his Complaints state a claim upon which relief may be granted. Despite the generous reading Complaints are afforded in cases where a plaintiff is proceeding *pro se*, not one of Al-Khalifa's claims has made it past the pleading stage. *See Bromwich*, No. 13-cv-1386 (dismissed based on the statute of limitations); *Moro*, No. 13-cv-1381 (dismissed because claim was "legally frivolous"); *Ecowas*, No. 13-cv-1380 (dismissed for lack of subject matter jurisdiction); *Ashcroft*, No. 13-cv-1377 (dismissed on statute of limitations grounds); *Court of Appeals for the 7th Circuit*, No. 13-cv-586 (dismissed for failure to state a claim against a cognizable defendant); *Perryman*, No. 13-cv-583 (dismissed for failure to state a claim due to statute of limitations); *Ramos*, No. 13-cv-582 (dismissed for failure to state a claim and on statute of limitations grounds); *Sunnyade*, No. 12-cv-10288 (dismissed for lack of subject matter jurisdiction). Al-Khalifa's remaining applications have not yet been ruled upon. Al-Khalifa also filed a series of petitions for writs of *habeas corpus* shortly after his deportation. *See Ahmed v. Ashcroft*, No. 02-cv-2022; *United States v. Ahmed*, No. 02-cv-2518; *Ahmed v. Ashcroft*, No. 02-cv-2713; *Ahmed v. Perryman*, No. 02-cv-2768. These cases were dismissed upon the Court's notification that Al-Khalifa had been deported, in 2002, to Nigeria.

Al-Khalifa's Complaint in this case fares no better. Al-Khalifa alleges (1) that the law firms engaged in the ineffective assistance of counsel which led to his fast track deportation from the United States to Canada and from Canada to Nigeria in violation of his basic human rights; (2) that various law enforcement officials and other government entities "persecuted" him by deporting him without a fair hearing; (3) and that he was subject to "fast track deportation" in violation of *INS v. St. Cyr*, 533 U.S. 289 (2001).

First, Al-Khalifa's ineffective assistance of counsel claim does not arise under the laws and treaties of the United States. According to Al-Khalifa, this Court has jurisdiction over the claim pursuant to the Alien Tort Statute, 28 U.S.C. § 1350. The Alien Tort Statute establishes jurisdiction in the district court over a civil action by an alien for a tort in violation of the law of nations or treaty of the United States. *See* 28 U.S.C. § 1350; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 924 (2004). However, a civil litigant "has no right to effective assistance of counsel in a civil case, and so like any civil litigant, his exclusive remedy against his attorney[s] is a separate suit for legal malpractice or breach of fiduciary duty." *Coleman v. ANR-Advance*, 34 Fed.Appx. 223, at *3 (7th Cir. 2002) (unpublished) (citing *Bell v. Eastman Kodak. Co.*, 214 F.3d 798, 802 (7th Cir. 2000)).

Al-Khalifa's second set of claims allege constitutional violations by several government officials and entities. As this Court and several others have noted previously, Al-Khalifa's claims are barred under the

2

**STATEMENT**

statute of limitations. Relief under § 1983 is barred by the statute of limitations governing Section 1983, which is two years in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects … looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations."); *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) ("Federal law does not set the limitations period in § 1983 actions. Instead, 42 U.S.C. § 1983(a) instructs us to look to state law. Specifically, we look to the limitations period for personal injury actions. In Illinois, that period is two years.") (internal citations omitted).

Al-Khalifa's third claim also fails. Al-Khalifa relies upon *INS v. St. Cyr*, 533 U.S. 289 to support his position that fast track deportation "has been ruled illegal." However, that case simply holds that the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform and Immigrant Responsibility Act do not deprive federal court of jurisdiction to review an alien's habeas petitions. It did not render deportations subsequent to a felony conviction and prison sentence unconstitutional. Here, Al-Khalifa pleaded guilty to producing a false identification document in violation of 18 U.S.C. § 1028(a)(1) and falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911. *United States v. Ayilla*, 50 Fed. App'x. 309, at *1 (7th Cir. 2002). After pleading guilty, Al-Khalifa completed his term of imprisonment of five months and was subsequently deported to Nigeria. Al-Khalifa has alleged no facts suggesting his deportation was improper.

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* is denied and Al-Khalifa's Complaint is dismissed with prejudice. Al-Khalifa's Motion for Appointment of Counsel is therefore denied as moot. Per the Executive Committee Order issued May 10, 2013, the clerk is directed to return unfiled any documents or presentments submitted either directly or indirectly by or on behalf of Al-Khalifa.